1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WENDY CLARK<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>KELSO HOUSING AUTHORITY,<br><br>　　　　　　　Defendant. | No.　C21-5861 BHS<br><br><br>TEMPORARY RESTRAINING<br>ORDER |

THIS MATTER came before the Court on Plaintiff's Motion for a Temporary

Restraining Order. Plaintiff seeks to enjoin the Kelso Housing Authority from terminating her

tenancy on November 30, 2021 and initiating unlawful detainer proceedings to remove her from

her dwelling. Plaintiff alleges that Defendant has refused to reasonably accommodate her in

violation of anti-discrimination laws including the federal Fair Housing Act and the Washington

Law Against Discrimination. Plaintiff alleges that, if accommodated, the Housing Authority

would have to restore her tenancy and allow her to continue living at her dwelling.

Plaintiffs provided adequate notice of the instant motion to the Defendant. The Court has

considered the pleadings, briefs and submissions including:

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

1. Plaintiffs' Motion for Temporary Restraining Order the Declaration of Wendy Clark, and the Declaration of Scott Crain, and,

2. Defendant's Responsive brief and all supportive declarations and accompanying exhibits, if any.

This Court is authorized to issue temporary restraining orders by Fed. R. Civ. P. 65(b). The standard is identical to that for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.,* 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). The Court must consider (1) whether plaintiffs are likely to succeed on the merits; (2) whether they are likely to suffer irreparable harm in the absence of the preliminary relief; (3) if the balance of hardships tips in their favor; and (4) whether the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*, 555 U.S. 7; 129 S.Ct. 365, 375 (2008).

The Ninth Circuit's "serious question" test survives *Winter*, but a showing of irreparable harm is necessary. *Winter* 129 S.Ct. at 375 ("plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction."). The Ninth Circuit held that its "serious questions" approach is consistent with *Winter* and this Court should still apply that test consistent with *Winter*. *Alliance for Wild Rockies v. Cottrell*, 635 F.3d 1127, (9th Cir. 2011). The Court may grant the injunctive relief if there are serious questions going to the merits of the case and a balance of hardships that tips sharply towards the plaintiff, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*.

\

\

\

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff has demonstrated the following:

1.   Plaintiff is likely to succeed on the merits of her complaint that the Housing Authority failed to reasonably accommodate her and, therefore, the termination of her tenancy violates the Fair Housing Act and the Washington Law Against Discrimination.

2.   Plaintiff will suffer irreparable harm if the Defendant is not enjoined because she cannot afford other housing and will become homeless if evicted. Additionally, Plaintiff's tenant history is likely to be irreparably harmed by the mere filing of an eviction, even if she were to ultimately prevail in that action.

3.   The balance of harms tips sharply in favor of granting the temporary restraining order because when faced with a conflict between financial concerns and preventable human suffering, the balance of hardship tips in the favor of preventing human suffering. The balance of harms tips sharply in favor of entering the injunction because the harm suffered by Plaintiff.

4.   Enjoining the Housing Authority is in the public interest because the public has an interest in the eradication of housing discrimination and in not increasing preventable homelessness.

5.   Plaintiff is indigent. No bond shall be required pursuant to Fed. R. Civ. P. 65(c). Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for a Temporary Restraining Order is GRANTED. The Court orders that the Defendant is enjoined from terminating Wendy Clark's tenancy for the pendency of this Order and until such time as the Court vacates this Order.

This Temporary Restraining Order shall be binding as provided in Fed. R. Civ. P. 65(d)

TEMPORARY RESTRAINING ORDER- 3

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

and shall remain in effect until Plaintiff's Motion for Preliminary Injunction can be heard and decided or until further order of the Court.

A hearing on Plaintiffs' Motion for Preliminary Injunction is set for December 13, 2021 at 9:00 a.m., in the Honorable Benjamin H. Settle's Courtroom, United States Courthouse, Tacoma, Washington.

Dated this 29th day of November, 2021

_____
BENJAMIN H. SETTLE
United States District Judge

Presented by:

NORTHWEST JUSTICE PROJECT

  s/ Scott Crain_____
Scott Crain WSBA #37224
Attorneys for Plaintiffs

TEMPORARY RESTRAINING ORDER- 4